No. 12166

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

ARNOLD B. MORRIS,

               Plaintiff and Appellant,

   -vs-

LAWRENCE J. McCARTHY et al.,

               Defendants and Respondents.

---

Appeal from:  District Court of the Fourth Judicial District,
               Honorable Emmet Glore, Judge presiding.

Counsel of Record:

    For Appellant:

        William Dee Morris argued, Helena, Montana.

    For Respondent:

        Alex C. Morrison argued, Plains, Montana.

---

                      Submitted:  April 24, 1972

                      Decided: MAY 9 - 1972

Filed: MAY 9 - 1972

*Thomas J. Kearney*
               Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal results from the dismissal of plaintiff's complaint by the district court of the fourth judicial district, county of Sanders.

Plaintiff, Arnold B. Morris, filed a complaint seeking damages against defendants alleging they disabled a D-7 Cat owned by plaintiff by draining all of its fuel and thus preventing the removal of the D-7 Cat from a mountainside before the radiator froze causing the engine to be ruined.

Plaintiff's complaint was filed twelve days after a jury verdict in a case wherein the same issues were raised. See McCarthy v. Morris, _____Mont._____, _____P.2d_____, _____St. Rep._____. In McCarthy a stipulation was entered by counsel for defendant, Bud Morris,wherein it was agreed:

> "* * * that whatever the outcome of this trial
> we would consider the damages to the Cat to be
> Bud Morris' and Arnold would waive, and will,
> any damages of his own, other than what is our
> claimed loss of use and loss of the Cat. That is
> one thing he will do and be bound by the judgment
> in favor of or against Bud Morris in relation to
> the damages to the Cat."

In McCarthy the jury awarded no damages to Bud Morris on his counterclaim for damages to the D-7 Cat, and thus this action was instituted by Arnold Morris for alleged damages.

The only issue presented here is whether the court erred in dismissing plaintiff's complaint on the basis of the stipulation in McCarthy, heretofore quoted.

Plaintiff argues that under Rule 19, M.R.Civ.P., the trial court should have allowed joinder of persons needed for the just adjudication of the case and failure to do so jeopardized the rights of plaintiff Arnold Morris. Further, that in the protection of Arnold Morris' rights, the court should have followed Rule 15 (b) and (c), M.R.Civ.P., and at the conclusion of

the case allowed the pleadings to be amended to conform to the proof.

We find no merit in these arguments. In the first instance, in McCarthy all of the issues presented in the instant case were set forth by the pleadings there, as they pertained to the plaintiff here. In McCarthy the plaintiffs (defendants here) never denied that Arnold Morris owned the D-7 Cat. The issue of damages to the D-7 Cat was fully examined by the jury in McCarthy and no award of damages was given.

In McCarthy the trial court in its Instruction No. 18 stated:

> "* * * But if you do award damages to the defendant the award, if any, must be (1) for damage to the Cat, which, if awarded, may not exceed the sum of seven thousand dollars, and (2) must be for loss of use of the D-7 Cat, which, if awarded, may not exceed the sum of fifteen hundred dollars. The counsel agree these are the maximum limits which may be awarded, if you make such awards. You may award for damage to the Cat and for loss of use of the Cat, neither, either, or both, within the limits here set * * *."

Court's Instruction 18 fully advised the jury as to how it could award damages. The factual situation as to the ownership of the D-7 Cat and what was done to it was covered during the trial in McCarthy and the jury found no damages due to defendant, Bud Morris.

The order of the district court dismissing the complaint is affirmed.

_____
                                 Associate Justice

We Concur:

_____
     Chief Justice

_____

_____

_____
     Associate Justices.          - 3 -